IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA MERCANTANTI, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | NO. 13-cv-3814 |
| WCI OPERATIONS LLC, | : | |
| Defendant. | : | |

**DuBois, J.**                                                                 **March 31, 2015**

# M E M O R A N D U M

## I.      INTRODUCTION

Plaintiff Lisa Mercantanti filed suit against her former employer, WCI Operations LLC (hereinafter referred to as "WCI" or "defendant") under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.* and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.* Plaintiff alleges that defendant unlawfully terminated her employment because of her age. Presently before the Court is defendant's Motion for Summary Judgment. For the reasons set forth below, the Court grants the Motion for Summary Judgment and enters Judgment in favor of defendant and against plaintiff.

## II.     BACKGROUND[1]

WCI is the owner of the restaurant and banquet facility, The Washington Crossing Inn ("the Inn"), located in Washington Crossing, Bucks County, Pennsylvania. (Def.'s Statement of

---

[1] As required on a motion for summary judgment, the facts set forth in this Memorandum are presented in the light most favorable to plaintiff, the non-moving party. The Court refers to the parties' statements of material facts where those facts are not controverted. Where they are controverted, the factual disputes are noted.

Undisputed Material Facts ¶¶ 1–2 [hereinafter "Def.'s SOF"].) Defendant purchased the Inn in or about May 2009. (*Id.* ¶ 2.) At the time of WCI's purchase, plaintiff worked as the Banquet Manager of the Inn where she was responsible for banquets and events. (*Id.* ¶ 5.) On May 13, 2009, following WCI's purchase of the Inn, WCI hired plaintiff to continue in her role as Banquet Manager. (*Id.* ¶ 6; Mot. for Summ. J., Ex. A, Offer of Employment Letter to Lisa Mercantanti.) Plaintiff was 54 years old at the time she was hired by WCI. (Def.'s SOF ¶ 8.) Approximately six months later, on November 19, 2009, defendant terminated plaintiff's employment. (*Id.* ¶ 9.)

Following plaintiff's discharge, defendant eliminated the Banquet Manager position and created the position of Banquet Coordinator. (*Id.* ¶ 25.) The Banquet Coordinator position involved the "same basic duties" as the Banquet Manager but at less pay and no benefits.[2] (*Id.*) On November 24, 2009, defendant extended an offer to Tara DiBianca to assume the Banquet Coordinator role. (*Id.* ¶ 25; Mot. for Summ. J., Ex. F, Offer of Employment Letter to Tara DiBianca.) DiBianca declined the position because the salary was lower than she had anticipated and because the position lacked benefits. (Def.'s SOF ¶ 25; Mot. for Summ. J., Ex. G.) Defendant hired Cammy Castiello to fill the Banquet Coordinator position on March 2, 2010.[3] (Def.'s SOF ¶ 27; Mot. for Summ. J., Ex. H, Offer of Employment Letter to Cammy Castiello.)

---

[2] Plaintiff denies this statement but does not point to any contrary evidence and, in any event, the ruling of the Court is not dependent upon whether the two positions were identical.

[3] The record, as presented to this Court, does not reveal the age of either DiBianca or Castiello. The Court did not require the parties to provide that information as plaintiff would not have succeeded in raising a genuine dispute of material fact with respect to pretext even if both DiBianca and Castiello were younger than plaintiff.

During the time plaintiff was employed by WCI, defendant promoted Ashley Kohler from a hostess position to the position of Banquet Assistant to work with plaintiff. (*Id.* ¶ 23.) Kohler was approximately 22 years old at the time. (Pl. Resp., Ex. D, Dep. Tr. of Ashley Kohler, 50.) Following plaintiff's termination, Kohler performed plaintiff's duties until defendant hired Cammy Castiello as the Banquet Coordinator.[4] (Def.'s SOF ¶¶ 27–28.) Kohler resigned from her position with WCI on March 6, 2010. (*Id.* ¶ 31; Pl.'s Resp., Ex C, Payroll Status Change Form for Kohler.)

On or about January 14, 2010, plaintiff filed a written charge of discrimination against defendant with the Equal Employment Opportunity Commission ("EEOC"), alleging age discrimination. (Compl. ¶ 14(a).) Plaintiff also filed a cross-charge of discrimination with the Pennsylvania Human Relations Commission. (Compl. ¶ 14(d).) The EEOC issued a Notice of Right to Sue on or about April 2, 2013. (Compl. ¶ 14(b).) Plaintiff filed the Complaint in this Court on July 1, 2013.

In her Complaint, plaintiff contends that she was fired because of her age in violation of the ADEA and the PHRA. (Compl. ¶¶ 30, 33.) Defendant argues that plaintiff was discharged due to "constant locking horns and disagreements with new management." (Def.'s SOF ¶ 12.) Defendant asserts that, during the time plaintiff was employed by WCI, she voiced numerous

---

[4] In her Answer to Defendant's Statement of Undisputed Facts, plaintiff contends that a reasonable factfinder could conclude that defendant hired Castiello only because Kohler quit and that this is suggestive of pretext. (Pl. Answer to Def.'s Statement of Undisputed Facts ¶ 27.) The record demonstrates, however, that Castiello accepted defendant's job offer on March 2, 2010, (Mot. for Summ. J., Ex. H, Offer of Employment Letter to Cammy Castiello), and Kohler resigned her position thereafter, on March 6, 2010. (Pl. Resp., Ex C, Payroll Status Change Form for Kohler; *see also* Pl. Resp., Ex. D, Dep. Tr. of Ashley Kohler, 17:1–8 (testifying to training Castiello prior to her own resignation).)

disagreements with management and objected to new management initiatives, including defendant's directive that she not bring her dog to work, the idea that WCI might implement a new dress code, and defendant's directive that she record certain categories of information about customer inquiries to the Banquet Department. (*Id.* ¶¶ 13–14.)

### III. LEGAL STANDARD

A court should grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *accord Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A factual dispute is material when it "might affect the outcome of the suit under the governing law . . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In considering a motion for summary judgment, "the court is required to examine the evidence of record in the light most favorable to the party opposing summary judgment, and resolve all reasonable inferences in that party's favor." *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). The party opposing the motion, however, cannot "rely merely upon bare assertions, conclusory allegations or suspicions" to support a claim. *Fireman's Ins. Co. of Newark, N.J. v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982) (citations omitted). The party asserting a fact "must support the assertion by . . . citing to particular parts of material in the record . . . ." Fed. R. Civ. P. 56(c)(1)(A).

**IV. DISCUSSION**[5]

The ADEA prohibits age discrimination in employment against any employee who is forty years of age or older. 29 U.S.C. §§ 623(a)(1), 631(a). To prevail on an ADEA termination claim, a plaintiff must show that his or her age was the "but-for" cause of the employer's decision to fire her. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176 (2009). An ADEA plaintiff can meet this burden either by presenting direct evidence that age was the "but-for" cause of the employment action, *id.* at 177–78, or by presenting circumstantial evidence of discrimination that satisfies the three-step framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Smith v. City of Allentown*, 589 F.3d 684 (3d Cir. 2009) (reaffirming use of *McDonnell Douglas* standard in ADEA cases involving indirect evidence post-*Gross*).

In the present case, plaintiff does not present direct evidence of age discrimination. Thus, plaintiff's ADEA claim is subject to the three-prong burden-shifting analysis originally set forth in *McDonnell Douglas*. *See Keller v. Orix Credit Alliance, Inc.*, 130 F.3d 1101, 1108 (3d Cir. 1997). Under the first prong, plaintiff bears the burden of establishing a prima facie case of discrimination. *See McDonnell Douglas*, 411 U.S. at 802. To establish a prima facie case of age discrimination under the ADEA plaintiff must show: (1) she is forty years of age or older; (2) defendant took an adverse employment action against her; (3) she was qualified for the position in question; and (4) she was replaced by a sufficiently younger person to permit an inference of discriminatory animus. *Smith*, 589 F.3d at 689. If plaintiff establishes a prima facie case, the burden shifts to the defendant employer to produce evidence of a legitimate, nondiscriminatory

---

[5] The standards under the ADEA and the PHRA are the same and will therefore be addressed collectively. *See Kautz v. Met-Pro Corp.*, 412 F.3d 463, 465 n.1 (3d Cir. 2005).

reason for the adverse employment action. *McDonnell Douglas*, 411 U.S. at 802. This burden is one of production, not persuasion. *Smith*, 589 F.3d at 690. If defendant offers a legitimate nondiscriminatory reason for the adverse employment action, plaintiff must submit evidence "to demonstrate that the employer's proffered rationale was a pretext for age discrimination." *Id.* Ultimately, plaintiff bears the burden of persuading the trier of fact that defendant intentionally discriminated against her. *Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 799 n.10 (3d Cir. 2003).

Defendant concedes for purposes of this Motion only that plaintiff has presented a prima facie case of age discrimination. (Mot. for Summ. J. 8.) Defendant also offers a non-discriminatory reason for discharging plaintiff, namely plaintiff's repeated conflicts and disagreements with the WCI management. Thus, for purposes of this Motion, the only issue presented is whether plaintiff has raised a genuine dispute of material fact as to pretext — meaning, whether a reasonable factfinder could conclude that defendant's proffered legitimate, nondiscriminatory reason for terminating plaintiff's employment is merely a cover-up for age discrimination.

### a. Pretext

To establish pretext, a plaintiff must present "some evidence, direct or circumstantial, from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a…determinative cause of the employer's action." *Burton v. Teleflex Inc.*, 707 F.3d 417, 427 (3d Cir. 2013) (quoting *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994)). "[T]o defeat a summary judgment motion based on a defendant's proffer of a nondiscriminatory reason, a plaintiff who has made a prima facie showing of discrimination need only point to evidence

establishing a reasonable inference that the employer's proffered explanation is unworthy of credence." *Sempier v. Johnson & Higgins*, 45 F.3d 724, 728 (3d Cir. 1995) (citing *Fuentes*, 32 F.3d at 764).

The Court first concludes that plaintiff has not presented evidence that could lead a reasonable factfinder to "disbelieve the employer's articulated legitimate reason[]" for plaintiff's discharge. *Fuentes*, 32 F.3d at 764. Under this method of proving pretext, plaintiff must "demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its actions that a reasonable factfinder could rationally find them unworthy of credence." *Keller*, 130 F.3d at 1109 (quoting *Fuentes*, 32 F.3d at 765). Such evidence must "contradict[] the *core facts* put forward by the employer as the legitimate reason for its decision." *McGrath v. Lumbermens Merch. Corp.*, 851 F. Supp. 2d 855, 861 (E.D. Pa. 2012) (emphasis in original) (citing *Tomasso v. Boeing Co.*, 445 F.3d 702, 706 (3d Cir. 2006)).

Plaintiff has failed to identify any evidence that contradicts the "core facts" that undergird defendant's proffered nondiscriminatory reason for terminating plaintiff's employment. In fact, plaintiff admits that she clashed with defendant over the new system for recording phone calls, the directive that she not bring her dog to work, and the possibility of a new dress code. (Pl. Resp., Ex. B, Dep. Tr. of Lisa Mercantanti, 52–68.) Plaintiff contends, instead, that a factfinder could reasonably disbelieve defendant's proffered reason for her discharge because defendant reported to the state unemployment authorities that plaintiff was discharged due to a "restructuring" within the banquet department, rather than due to conflicts with management. (Pl. Resp. 8.)

The Court rejects this argument. Plaintiff concedes that, at the time she was fired, Alex Bielanski, the Inn's General Manager, and Christin Knox, defendant's Director of Human Resources, informed her that she was being let go because of "differences in personality between Dr. Mordechai [the owner of the Inn] and [plaintiff]." (Pl. Resp., Ex. B, Dep. Tr. of Lisa Mercantanti, 49:10–11.) Furthermore, upon plaintiff's discharge, Knox completed a "Payroll Status Change Form" for plaintiff, which stated that plaintiff's termination was "due to lack of support on new management changes" and noted that the termination would be "code[d] as 'restructuring'." (Pl. Resp., Ex. C, Dep. Tr. of Christin Knox, 32:7–24.) Knox testified that defendant had offered to code the termination as "restructuring" solely to assist plaintiff in applying for unemployment compensation. (*Id.* at 16:15–18, 18:14–22.) In short, the record demonstrates that defendant has maintained, from the time plaintiff was fired, that the reason for plaintiff's discharge was her conflict with management and that coding her termination as a "restructuring" was part of a separation package offered to plaintiff. (*See, e.g.*, Pl. Resp., Ex. C, Separation Letter from WCI Operations to Lisa Mercantanti.) The fact that defendant reported plaintiff's discharge as a restructuring to the state unemployment authorities in no way undermines the core facts with respect to defendant's proffered reason for discharging plaintiff — namely, her conflicts with management. Nor does it suggest that defendant's proffered non-discriminatory reason was "conjured up *post hoc* as pretext." *McGrath*, 851 F. Supp. 2d at 861. For these reasons, the Court concludes that defendant's statement to unemployment officials could not lead a reasonable factfinder to disbelieve defendant's proffered nondiscriminatory reason for terminating plaintiff's employment.

Plaintiff next argues that pretext can be inferred from the fact that defendant stated in its Position Statement to the EEOC that Kohler did not take over the position of Banquet Manager, (Pl. Resp., Ex. C, Knox Dep. Tr., Ex. 3), but now concedes that Kohler "temporarily" assumed plaintiff's duties after she was fired. (Def.'s SOF ¶ 33). Again, however, this alleged inconsistency[6] does not undermine any of the core facts underlying defendant's proffered reason for discharging plaintiff, and thus could not lead a reasonable factfinder to disbelieve defendant's justification for firing plaintiff.

Plaintiff further contends that a factfinder could reasonably believe that an invidious discriminatory reason was more likely than not the cause of defendant's action because a substantially younger person — Ashley Kohler — took over plaintiff's responsibilities once she was discharged. (Pl. Resp. 8–9.) Although defendant ultimately hired Cammy Castiello for the Banquet Coordinator position, rather than Kohler, plaintiff argues that the timing of Castiello's hiring — approximately two months after plaintiff filed her charge with the EEOC — is suggestive of pretext because, according to plaintiff, it demonstrates that defendant was concerned about legal liability if Kohler were allowed to continue in her role within the banquet department. (Pl. Resp. 10.) In response, defendant asserts that, although Kohler temporarily assumed plaintiff's duties in the banquet department, she merely did so until a permanent replacement for plaintiff was hired. (Def. Reply 6.)

---

[6] Defendant has maintained, both before the EEOC and throughout the proceedings before this Court, that Kohler was never formally promoted to the Banquet Manager position. (Pl. Resp., Ex. C, Knox Dep. Tr., Ex. 3; Def.'s SOF ¶ 33.)

Although the fact that Kohler, who is approximately 32 years younger than plaintiff, temporarily took over plaintiff's responsibilities at the Inn may satisfy the fourth element of a prima facie case of age discrimination, this alone is not sufficient to raise a genuine dispute of material fact with respect to pretext. First, plaintiff's argument that defendant fired her with the intent to promote Kohler to plaintiff's position is unsupported by the record. Kohler testified that she was never promised or formally promoted to plaintiff's job, that she was told that she would only be assuming plaintiff's responsibilities until someone else was hired, that she was never given a raise, and that Bielanski told her that she was too young to take on additional responsibility. (Pl. Resp., Ex. D, Dep. Tr. of Ashley Kohler, 9, 11, 33–34, 38–40.) Plaintiff's argument is further undermined by the fact that defendant offered the position to DiBianca five days after firing plaintiff. (Mot. for Summ. J., Ex. F.) Plaintiff's next argument, that the timing of Castiello's hiring suggests an attempt by defendant to cover-up age discrimination, similarly fails as defendant offered the position to DiBianca prior to plaintiff's filing of her EEOC charge. In sum, the record neither supports plaintiff's theory that she was fired so that defendant could promote Kohler nor does the fact that Kohler took on plaintiff's responsibilities for a period of time after plaintiff's discharge create a reasonable inference that defendant's "real reason" for firing plaintiff was her age, as opposed to her conflicts with management. *See Keller*, 130 F.3d at 1109 (noting that the issue under the ADEA is "not whether the employer made the best, or even a sound, business decision; it is whether the real reason is discrimination.").

As plaintiff has failed to produce any evidence that could lead a reasonable factfinder to either disbelieve defendant's articulated legitimate reason for discharging plaintiff or to believe that an invidious discriminatory reason was more likely than not the but-for cause of defendant's

action, the Court concludes that plaintiff has not raised any genuine dispute of material fact with respect to pretext.

## V. CONCLUSION

For the foregoing reasons, the Court grants defendant's Motion for Summary Judgment. An appropriate order follows.